IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HARVEY PATRICK SHORT,

    Plaintiff,

v.              CIVIL ACTION NO. 2:06-cv-00933

PRIME CARE MEDICAL-WV, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

  Pending before the court are three motions. The first pending motion is a motion to dismiss, or in the alternative, for summary judgment [Docket 30] filed by defendants Officer Fred, Officer Bush, Officer Terry, Officer Barry, David Farmer, Lavana Davis-Harvey, Lt. Rogers, and John McKay (the "Jail Defendants"). Second is a motion to dismiss, or in the alternative, for summary judgment [Docket 65] filed by defendants Mark Beck, Steven Corder, M.D., and PrimeCare Medical of West Virginia, Inc. (the "Medical Defendants"). The third motion is a motion to dismiss, or in the alternative, for summary judgment [Docket 34] filed by defendant Lee Ann Justice.

  Pursuant to a 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, including the above motions, was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On February 25, 2008, the Magistrate Judge submitted proposed findings and made various recommendations. On March 13, 2008, the plaintiff filed timely objections to the proposed findings and recommendations ("PF&R").

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects. For reasons set forth below, the court **ADOPTS** the Magistrate Judge's proposed findings. The Jail Defendants' motion to dismiss [Docket 30] is **GRANTED** as follows: the court **DISMISSES with prejudice** the plaintiff's confidentiality claim against the Jail Defendants for failure to state claim upon which relief can be granted under 42 U.S.C. § 1983; the court **DISMISSES with prejudice** the plaintiff's claims against the Jail Defendants in their official capacities, and the court **DISMISSES without prejudice** the remaining claims against the Jail Defendants - claims against them in their individual capacities for failure to protect and use of excessive force - for failure to exhaust administrative remedies. The Jail Defendants' motion in the alternative for summary judgment is **DENIED** as moot.

The court **GRANTS** the Medical Defendants motion for summary judgment [Docket 65] and **DENIES** as moot the motion in the alternative to dismiss. Likewise, the court **GRANTS** defendant Lee Ann Justice's motion for summary judgment [Docket 34] and **DENIES** as moot the related motion to dismiss. Accordingly, the court **DISMISSES** the Medical Defendants and Ms. Justice from this action.

**II. Background**

The factual background for this case was adequately set forth in the PF&R. For the sake of context, the court will incorporate pages 2 through 6 of the PF&R:

Beginning September 14, 2005, the plaintiff was incarcerated as a state pre-trial detainee at the South Central Regional Jail (hereinafter "SCRJ"). The plaintiff's Complaint [Docket 2], filed pursuant to 42 U.S.C. § 1983 on November 1, 2006, contains two claims: (1) that medical and correctional staff at the SCRJ violated his privacy rights by listening to his sessions with the staff

psychiatrist and denied him appropriate mental health care; and (2) that staff failed to protect him from another inmate they knew to be dangerous, and used excessive force in a discriminatory manner against Plaintiff when they stopped a fight between Plaintiff and the other inmate.

The paragraphs of Plaintiff's Complaint relating to his mental health care state as follows:

1) On or about September 14, 2005, the Plaintiff was arrested and confined in SCRJ;

2) Upon arrival, the Plaintiff was placed on suicide watch and given psychological medications;

3) Later, Dr. Corder placed the Plaintiff on additional psychological medications and special management housing with a watch;

4) Since the Plaintiff has been receiving psychological services at SCRJ, an officer Fred is present at the psychological interviews and listens to the entire communication between the Plaintiff and Dr. Corder, Psychiatrist.

5) A nurse from Primecare Medical-WV is also present during the psychological interviews and listens to the entire session.

6) That both Officer Fred and the nurse violate the privilege of confidentiality in the psychiatrist-client privilege and disclose the communications between the Plaintiff and Dr. Corder to other officers and nurses at the SCRJ;

7) That the Plaintiff have [sic; has] been forced to attend psychological sessions with Officer Fred and nurse present to listen to everything that is said; * * *

33) In July 2006, Nurse Lee Ann, an employee of Primecare Medical-WV, took the Plaintiff off his psychological medications to stop or hinder the Plaintiff from receiving psychological treatment and a snack bag at night;

34) As a result, the Plaintiff started hearing voices and experiencing delusions;

35) That Dr. Corder, Psychiatrist, had prescribed the psychological medications and that Nurse Lee Ann had no power or authority to stop the Plaintiff's psychological treatment;

36) The Plaintiff told Mark Beck, PA that Lee Ann, Nurse had cut off the Plaintiff from receiving psychological medications and that Nurse Lee Ann had no power or authority to overrule the psychiatrist, Dr. Corder, because that medication was prescribed by Dr. Corder;

37) That Nurse Lee Ann was denying the Plaintiff his psychological treatment;

38) Mark Beck, PA, neglected this complaint and said nothing and stopped the snack bag too which was ordered by Dr. Corder;

39) As a result, the Plaintiff has suffered further psychological injury and conditions by not having his medications since July 2006; * * *

41) Primecare Medical-WV did not properly train, supervise, educate, employ and select competent medical staff employees and made policies, rules, and regulations that allowed Nurse Lee Ann to interfere and stop the Plaintiff's psychological treatment prescribed by Dr. Corder;

42) That Mark Beck, PA, also knew that Lee Ann, Nurse, had no power and authority to stop the Plaintiff's psychological medications but allowed her to do it to injure the Plaintiff's mental health conditions further.

(Compl. 6, 10-12).

The paragraphs in Plaintiff's Complaint alleging failure to protect Plaintiff from another inmate, and use of excessive force in a discriminatory manner, state as follows:

8) In November 2005, Officer Bush received orders to move Inmate John Crawford into the same cell with the Plaintiff;

9) The Plaintiff who was housed on A-4 Pod on special management objected, and Officer Bush told the Plaintiff that Inmate Crawford was put in the cell with the Plaintiff to keep the Plaintiff in line;

10) John Crawford was on A-4 for assaulting his previous cellmates. He was in SCRJ for assaulting and battering his mother and father at home;

11) Inmate Crawford threatened to kill the Plaintiff several times while they were locked down in the cell 23 hours a day for over one (1) month;

12) The Plaintiff wrote request forms and grievances to Counselor Lavana L. Davis-Harvey, Sergeant Thompson, Mr. David Farm[er], and Lieutenant Rogers requesting to get Inmate Crawford moved to another cell;

13) Inmate Crawford also talked to himself and threatened to kill himself while in the cell with the Plaintiff;

14) Inmate Crawford told the Plaintiff th[at] Inmate Crawford was on A-4 for fighting and attacking his cellmate;

15) The Plaintiff was on special management while in the cell with Inmate Crawford; Dr. Corder, Psychiatrist ordered it;

16) Sergeant Thompson had placed Inmate Crawford in the same cell with the Plaintiff knowing that Inmate Crawford was severely psychotic, had violent behavior, and a history of physically attacking his cellmates;

17) A day in November 2005, John McKay, Jail Administrator, toured A-4, and the Plaintiff told John McKay about Inmate Crawford's threats and the fact that Inmate Crawford was sleeping on the floor and that an entire empty cell was open;

18) Mr. McKay asked Sergeant Binoin about another cell being open and Sergeant Binoin said yes but Inmate Crawford was not moved;

19) The Plaintiff wrote to Counselor Lavana Davis-Harvey, Lt. Rogers, Sgt. Thompson, and Mr. Farm[er] also trying to get Crawford moved to another cell due to his threats, homicidal and suicidal thoughts and his required to be sleeping on the floor;

20) None of the aforementioned state employees assisted or took any steps to protect the Plaintiff and Inmate Crawford assaulted and battered the Plaintiff while locked down in the cell;

21) That the Plaintiff had to fight for his life;

22) That another inmate Wayne Blair heard the fight and alerted Officer Terry and an Officer Barry and these two (2) officers did not try or attempt to stop the fight but watched it through the cell door for 3 or 4 minutes to see who would survive;

23) After the fight was over, Officer Bush came into the cell and pepper strayed [sic; sprayed] the Plaintiff;

24) That the Plaintiff was not hostile or anything and was just standing near the wall and Officer Bush pepper s[p]rayed the Plaintiff for no reason at all. Inmate Crawford was not s[p]rayed with pepper mace;

25) Then Sergeant Atkins and Officer Terry told the Plaintiff to lay down;

26) Officer Terry and Sergeant Atkins held the Plaintiff down on the floor in the cell for 4 minutes;

27) The Plaintiff only had on boxer underwear and was on his stomach and Officer Terry and Sergeant Atkins had their body weight on the Plaintiff's back twisting his arms and legs trying to break them;

28) The Plaintiff kept telling Officer Terry and Sgt. Atkins that he could not breath[e] but they continued to suffocate the Plaintiff more;

29) The Plaintiff was then hog[-]tied and handcuffed behind the back and shackled on both ankles;

30) The Plaintiff did not resist during this entire incident;

31) Inmate Crawford was treated properly during this entire incident, because he was white;

32) That the above state employees attacked the Plaintiff because they believed that they were helping finish Crawford's attack; * * *

40) During the Plaintiff's psychological sessions, the Plaintiff told Dr. Corder about the threats on his life by Inmate Crawford and Dr. Corder did nothing to prevent the attack[.]

(*Id.* at 7-10, 11). Plaintiff sued the defendants in their individual and official capacities for compensatory and punitive damages in the amount of $500,000 as to each defendant.

## III. Discussion

The plaintiff has made five objections to the PF&R. The court will address each objection in turn. The court will then address the portions of the PF&R to which the plaintiff did not object.

### A. Review of Objections

#### 1. Objection: Non-responsive Defendants

The defendant first argues that "[d]ue to the fact that Defendants Sgt. Thompson, Sgt. Binoin, and Sgt. Atkins had not counsel and no motion to dismiss or summary judgment was filed on their behalf, they are no affected by the rulings by this court. These defendants must obtain counsel and file the appropriate motions." (Objections to PF&R 1 [Dockt 67].) The plaintiff then references page six of the PF&R. On this page, the Magistrate Judge stated that she

> does not understand why counsel for the West Virginia Regional Jail and Correctional Authority entered an appearance only for defendants Officer Fred, Officer Bush, Officer Terry, Officer Barry, David Farmer, Lavana Davis-Harvey, Lt. Rogers, and John McKay. No attorney has entered an appearance for Sergeant Thompson, Sergeant Binoin, and Sergeant Atkins, or South Central Regional Jail (which is not a suable entity).

(PF&R 6-7).

The court agrees with the Magistrate Judge that it is unclear why no attorney has made an appearance on behalf of the latter defendants. The court also agrees with the plaintiff that because the Jail Defendants' motions were not filed on behalf of Sgt. Thompson, Sgt. Binoin, Sgt. Atkins, and the South Central Regional Jail, neither the PF&R nor this court's order adopting the PF&R will have any effect on the potential liability of these defendants. That these defendants have not made an appearance, or even answered the plaintiff's complaint, has no effect, however, on the

motions filed by Jail Defendants, Medical Defendants, or Ms. Justice. Thus, insofar as the plaintiff is arguing that the failure of the unrepresented defendants to file a motion to dismiss or motion for summary judgment renders the findings of the Magistrate Judge erroneous, the objection has no merit. The failure of the unrepresented defendants to file any motions does, however, mean that this case will continue to be on the active docket despite this court granting the motions of the defendants who have been represented by counsel.

### 2. Objection: Exhaustion

The plaintiff also "specifically objects to the finding that he did not exhaust state or administrative remedies." (Objections to PF&R 2.) To support his contention, the plaintiff "has enclosed grievances filed at the jail and to the Director of West Virginia Regional Jail Authority concerning the failure to protect claim." (*Id.* 2.) The plaintiff has attached five grievance forms to his objections, dating from September 20, 2005, to January 29, 2007. (*Id.* Ex.) On four of these forms, the plaintiff requests to be housed alone, or at least housed with a different cellmate. (*Id.*) The fifth grievance concerns a fight between the plaintiff and his cellmate. (*Id.*) Two of the grievances were addressed to "Booking," two were addressed to John McKay, Jail Administrator, and one grievance was addressed to "Counselor/Captain."(*Id.*) All of the grievances were filed via form titled "WV Regional Jail & Correctional Facility Authority" followed by the phrase "Inmate Grievance." (*Id.*) The plaintiff received a response to each one of his complaints. (*Id.*)

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the

PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). Rather, the burden is on the defendant to prove and plead that an inmate has failed to exhaust his or her administrative remedies. *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). Nevertheless, to proceed under the PLRA, a prisoner must have properly exhausted the available administrative remedies, i.e., the prisoner must have made full use of the prison grievance process. *Woodford v. Ngo*, 126 S. Ct. 2378, 2383, 2387-88 (2006).

The plaintiff has not objected to the application of the PLRA and its exhaustion requirements. Rather, the plaintiff believes that he has exhausted his administrative remedies and is thus able to maintain this action in federal court. The plaintiff is incorrect. First, the plaintiff has not disputed the Medical Defendants and Ms. Justice's claim that he has failed to exhaust his administrative remedies with respect to them. Moreover, in the grievance forms provided by the plaintiff, he complains about the Jail Defendants alleged failure to protect him - he does not complain about breaches of confidentiality or deliberate indifference to his psychiatric needs, which are the only claims he has asserted against the Medical Defendants and Ms. Justice. Thus, the plaintiff has not exhausted his administrative remedies with respect to the claims he asserts against the Medical Defendants and Ms. Justice.[1]

---

[1] This fact alone would make it appropriate for the court to dismiss these claims without prejudice. As the Magistrate Judge found, however, the plaintiff's claims against the Medical Defendants and Ms. Justice fail as a matter of law. Thus, the court will grant these defendant's motions for summary judgment, despite their not being exhausted, as "the PLRA's exhaustion-of-remedies requirement does not operate as a bar to the district court's exercise of its subject-matter jurisdiction." *Anderson*, 407 F.3d at 678.

Likewise, the plaintiff has failed to exhaust his administrative remedies with respect to his claims against the Jail Defendants. It is true, as the plaintiff states, that he filed inmate grievance forms regarding his cellmate. There is no indication, however, that the plaintiff utilized all of his administrative options. The West Virginia Regional Jail and Correctional Facility Authority's "Handbook of Inmate Rules and Procedures" states that an inmate who is dissatisfied with a decision rendered on a grievance "may appeal such decision to the Chief of Operations." (Jail Defs.' Mot. Ex. 4 [Docket 30].) John L. King, Chief of Operations for the West Virginia Regional Jail and Correctional Facility Authority, avers that he reviewed the Inmate Correspondence and Grievance files and found that the plaintiff did not file any appeals concerning the subject matter of this case. (Jail Defs.' Mot. Ex. 5.) The plaintiff has had ample opportunity to respond to the defendants' exhaustion arguments, and has not alleged that he was unaware of the appellate opportunities, or that he was deprived of the opportunity to file an administrative appeal.

Therefore, the court overrules the objection, **FINDS** that the plaintiff has not made full use of the prison grievance process, and **FINDS** that the plaintiff has not exhausted his available administrative remedies. The plaintiff's claims against the Jail Defendants in their individual capacities, for failure to protect and use of excessive for are **DISMISSED without prejudice**.

*3. Objection: Exhaustion and Falsification*

In addition to claiming that he has exhausted his administrative remedies, the plaintiff argues that the defendants "falsif[ied] reports and affidavits [stating] that the Plaintiff failed to exhaust [his] administrative remedies. The Plaintiff filed administrative remedies to jail officials and the Executive Director." (Objections to PF&R 2.) The plaintiff has failed to provide any evidence that

Mr. King's affidavit was falsified. The remainder of the objection merely repeats the plaintiff's prior objection. Consequently, the court **FINDS** that the objection is without merit.

### 4. Objection: Issue of Material Fact

The plaintiff's fourth objection is that his affidavits create "an issue of material fact and the defendants are not entitled to a summary judgment." (Objections to PF&R 2.) Because the court is dismissing the plaintiff's claims against the Jail Defendants and denying as moot the Jail Defendants motion for summary judgment, this objection has no bearing on the Jail Defendants. Moreover, the plaintiff's objection does not specify how his affidavit creates an issue of material fact. Further, nothing in the affidavit disputes that the plaintiff signed a form acknowledging that he understood that the confidentiality of his sessions with Dr. Corder was limited. Finally, with respect to the plaintiff's claim that the Medical Defendants and Ms. Justice were deliberately indifferent to his serious medical needs, the plaintiff's self-serving, conclusory statements do not give rise to a genuine issue as to a material fact. *See Evans v. Tech. Applications and Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("[S]ummary judgment affidavits cannot be conclusory."). Although the plaintiff makes several statements regarding who stopped his medications and why, these statements do not refute the specific assertions of the Medical Defendants, which are supported by documentary evidence. Accordingly, the court **FINDS** that this objection has no merit.

### 5. Objection: Bias

The plaintiff's final objection states that his "complaint and his affidavits in opposition were not fairly and properly considered by the magistrate judge." (Objections to PF&R 2.) The plaintiff further asserts "[t]hat an apparent and actual bias existed when the magistrate judge made her finding and recommendation." The court **FINDS** that the Magistrate Judge did fairly and properly

consider all of the plaintiff's arguments, affidavits, and evidence, and **FINDS** this objection to be meritless.

### B. Review of Portions of PF&R to which the Plaintiff Did Not Object

When a party fails to object to a portion of a Magistrate Judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Campbell v. United States D. Ct. N.D. Cal.,* 501 F.2d 196, 206 (9th Cir. 1974). The court has reviewed those portions of the PF&R to which the plaintiff did not object, and finds no clear error on the face of the record. Consequently, the court **FINDS** that the Jail Defendants, acting in their official capacities are not "persons" under 42 U.S.C. § 1983 and **DISMISSES with prejudice** the plaintiff's claims against the Jail Defendants in their official capacities. Moreover, the court **FINDS** that the plaintiff's claim that the Jail Defendants interfered with his privileged and confidential communications with the jail's psychiatrist fails to state a claim upon which relief can be granted under § 1983, and the court **DISMISSES** this claim with prejudice.

As for the Medical Defendants, consistent with the court's adoption of the PF&R, the court **FINDS**, over the plaintiff's objection, that there is no genuine issue as to any material fact with respect to the confidentiality of the plaintiff's conversation with Dr. Corder or the content of the plaintiff's mental health records and that the Medical Defendants are entitled to judgment as a matter of law on this issue. The court further **FINDS** that the Medical Defendants were not deliberately indifferent to the plaintiff's serious medical needs, that there is no genuine issue as to any material fact, and that the Medical Defendants are entitled to judgment as a matter of law on the "deliberate indifference" issue.

Finally, the court **FINDS** that there is no genuine issue as to any material fact with respect to the claims against Ms. Justice, that Ms. Justice did not deprive the plaintiff of his medications, that she was not deliberately indifferent to the plaintiff's serious medical needs, and that Ms. Justice is entitled to judgment as a matter of law.

## IV. Conclusion

The court **ADOPTS** the Magistrate Judge's proposed findings. Further the court **GRANTS** the Jail Defendants' motion to dismiss, and **DISMISSES with prejudice** the plaintiff's confidentiality claim against the Jail Defendants for failure to state claim upon which relief can be granted under 42 U.S.C. § 1983, **DISMISSES with prejudice** the plaintiff's claims against the Jail Defendants in their official capacities, and **DISMISSES without prejudice** the plaintiff's claims for failure to protect and excessive force against the Jail Defendants for failure to exhaust. The Jail Defendants' motion in the alternative for summary judgment is **DENIED** as moot.

The court **GRANTS** the Medical Defendants' motion for summary judgment and **DENIES** as moot the motion in the alternative to dismiss. The court **GRANTS** defendant Lee Ann Justice's motion for summary judgment and **DENIES** her motion to dismiss as moot. The court **DISMISSES** the Medical Defendants and Ms. Justice from this action.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 21, 2008

Joseph R. Goodwin, Chief Judge