IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**HARVEY PATRICK SHORT,**

    **Plaintiff,**

v.                                    Case No. 2:06-cv-00933

**OFFICER FRED,
OFFICER BUSH,
OFFICER TERRY,
OFFICER BARRY,
LIEUTENANT ROGERS,
JOHN McKAY, Jail Administrator,
DAVID FARMER, Counselor Supervisor,
LAVANA DAVIS-HARVEY, Counselor,
SERGEANT THOMPSON,
SERGEANT BINOIN,
SERGEANT ATKINS,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Plaintiff's Motion for Relief from Judgment Under Rule 60(b) (docket # 80). The Medical Defendants (PrimeCare Medical of West Virginia, Inc., Dr. Corder, and Mark Beck) filed a response (# 84), noting correctly that the Motion was not directed at them. The court previously granted defendant Lee Ann Justice's motion for summary judgment, and the court dismissed South Central Regional Jail as not a suable entity. Thus the undersigned concludes that Plaintiff's pending Motion concerns only the various Jail Defendants.

Plaintiff has been incarcerated since 2005. Throughout that

period, the law has required a prisoner to exhaust his administrative remedies <u>before</u> he attempts to file a lawsuit asserting a violation of his rights. Plaintiff's Motion is based on his attempt to exhaust his administrative remedies in September, 2008, seven months <u>after</u> the undersigned recommended that this action be dismissed for failure to exhaust administrative remedies, and six months <u>after</u> Chief Judge Goodwin adopted that recommendation.

In another case in which Mr. Short is the plaintiff, the Hon. John T. Copenhaver, Jr. recently filed a Memorandum Opinion and Order addressing exhaustion of remedies. <u>Short v. Greene</u>, No. 2:07-cv-00968 (S.D. W. Va. Sept. 22, 2008). He quoted from <u>Jones v. Bock</u>, 127 S. Ct. 910, 914 (2007): "the P[rison Litigation Reform Act of 1995] mandates early judicial screening of prisoner complaints and <u>requires prisoners to exhaust prison grievance procedures before filing suit.</u>" [Emphasis supplied.] It is worthwhile to emphasize the Supreme Court's language, "<u>before</u> filing suit."

Rule 60(b) allows for relief from a final judgment or order for specified reasons. Plaintiff has failed to show that he is entitled to relief. He has not shown mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any indication that the judgment is void, satisfied, released or discharged. Plaintiff has not shown any other reason that

2

justifies relief. Exhaustion of administrative remedies is required to enable the prison authorities to address prisoner grievances before they escalate into lawsuits. Plaintiff's belated attempt to exhaust mocks the grievance system and is another instance of his wasting judicial time and resources. When a case is dismissed without prejudice for failure to exhaust administrative remedies, the disappointed litigant's choices are to appeal or to file a new lawsuit after having satisfied the requirement to exhaust.

Accordingly the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not shown that he is entitled to relief pursuant to Rule 60(b). It is respectfully **RECOMMENDED** that the Motion (# 80) be denied and that a judgment order be entered pursuant to Rule 58.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and

Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

September 23, 2008
Date

Mary E. Stanley
United States Magistrate Judge

4