IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HARVEY PATRICK SHORT,

            Plaintiff,

v.                                            CIVIL ACTION NO. 2:06-cv-00933

PRIME CARE MEDICAL-WV, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Pending before the court is the plaintiff's Motion for Relief from Judgment Under Rule 60(b) [Docket 80]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, including the above motion, was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. The plaintiff, Mr. Short, moved in the pending motion to set aside my Memorandum Opinion and Order of March 21, 2008 [Docket 70].

The Memorandum Opinion and Order dated March 21, 2008, among other things, dismissed the plaintiff's claims without prejudice against many of the defendants. The primary reason for the dismissal of the claims was Mr. Short's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). In the pending motion Mr. Short argues that he has now exhausted his administrative remedies. On September 23, 2008, Magistrate Judge Stanley entered Proposed Findings and Recommendation, finding that Mr. Short did not show he

is entitled to relief under Rule 60(b) and recommending that the motion be denied and that a judgment order be entered pursuant to Rule 58 [Docket 85]. On September 29, 2008, Mr. Short filed four objections to the Proposed Findings and Recommendation [Docket 86].

I will review *de novo* those portions of the Proposed Findings and Recommendation to which the plaintiff objects. For the reasons set forth below, I **ADOPT** the Magistrate Judge's proposed findings and recommendations. The plaintiff's Motion for Relief from Judgment is **DENIED**. The action is **DISMISSED without prejudice** against all remaining defendants.

## II. Background

The full factual background of this case has been adequately set forth in my prior Orders and Judge Stanley's prior Proposed Findings and Recommendations. For the sake of clarity, I will note some of the important dates. The plaintiff alleges that in or about November or December 2005 the "Jail Defendants"[1] failed to protect the plaintiff from another inmate they knew to be dangerous, and used excessive force in a discriminatory manner against the plaintiff when they stopped a fight between the plaintiff and the other inmate. The plaintiff filed the complaint in this action on November 1, 2006. On February 25, 2008, Magistrate Judge Stanley recommended that I grant the Jail Defendants' Motion to Dismiss due to the plaintiff's failure to exhaust the administrative remedies available to him [Docket 63]. On March 21, 2008, I adopted Magistrate Judge Stanley's proposed findings and recommendation and dismissed the case without prejudice against the Jail Defendants [Docket 70]. On September 12, 2008, Mr. Short moved for relief from my March 21, 2008 order and that motion is now pending [Docket 80]. In support of Mr. Short's Rule 60(b)

---

[1] The "Jail Defendants" are all defendants who worked at the jail, as opposed to other defendants in the original action, such as Prime Care Medical-WV who have since been dismissed from the action.

motion, Mr. Short presented documents from September 2008 showing additional steps that Mr. Short recently took to allegedly exhaust his administrative remedies.

**III. Discussion**

Federal Rule of Civil Procedure 60(b) provides grounds for relief from an order, namely: mistake, newly discovered evidence, fraud, the judgment is void, the judgment has been satisfied, or any other reason that justifies relief. *Fed. R. Civ. Pro.* 60(b). The plaintiff does not argue that his motion fits any of the specifically delineated grounds for relief, thus the plaintiff must believe his additional evidence is reason to justify relief under Rule 60(b)(6). I address each of the plaintiff's objections to Magistrate Judge Stanley's Proposed Findings and Recommendation in the following paragraphs.

The plaintiff's first objection is that he has, in fact, now exhausted his administrative remedies. In support of this claim, the plaintiff has filed copies of a number of different documents dated in September 2008. The documents include a grievance with John McKay, Jail Administrator, dated September 2, 2008, an appeal to John King, Chief of Operations dated September 8, 2008, and other recent documents purporting to satisfy the requirement that the plaintiff exhausted all of his available administrative remedies. As Magistrate Judge Stanley noted, the PLRA requires that prisoners exhaust their administrative remedies *before* filing suit. *Jones v. Bock*, 127 S. Ct. 910, 914 (2007); *see also Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (holding that a prisoner who exhausted his administrative remedies after filing suit, but before the defendant filed its answer did not meet the mandatory statutory provision requiring exhaustion before filing a lawsuit). Thus, Mr. Short's attempt to exhaust his remedies after filing suit does not cure his failure to exhaust remedies and does not show he is entitled to relief from my March 21, 2008

Memorandum Opinion and Order.  Rather, as Judge Stanley pointed out, Mr. Short's options after the case is dismissed without prejudice are to appeal, or to exhaust his administrative remedies and then file a new lawsuit.

The plaintiff's second objection is that my Memorandum Opinion and Order of September 17, 2008, which allowed three defaulting defendants to benefit from the failure to exhaust administrative remedies defense, somehow makes Mr. Short's attempts to exhaust administrative remedies in September timely.  The plaintiff's third objection is that if a final judgment is entered in this case, the plaintiff will be barred by the statute of limitations from filing a new lawsuit and, thus, an unfair result will occur.  The plaintiff's fourth objection is that it will be a waste of judicial time and resources if he has to file a new lawsuit.  These arguments are without merit.  The controlling law in this case is that under the PLRA, a prisoner *must* exhaust all available administrative remedies *before* filing a lawsuit in federal court.  *See Woodford v. Ngo*, 548 U.S. 81 (2006) (noting that exhaustion is mandatory for any suit challenging prison conditions, not just suits under 42 U.S.C. § 1983 and that such exhaustion must occur even where monetary damages are sought, despite the administrative process being unable to grant such damages).  Mr. Short failed to satisfy this requirement of the PLRA and therefore I must dismiss the action without prejudice.

When a party fails to object to a portion of a Magistrate Judge's report, the court may accept the Magistrate Judge's proposed findings and recommendation if it is satisfied that there is no clear error on the record.  *See Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983);  *Campbell v. United States D. Ct. N.D. Cal.,* 501 F.2d 196, 206 (9th Cir. 1974). The court has reviewed those portions of the Proposed Findings and Recommendation to which the plaintiff did not object, and finds no clear error on the face of the record.

**IV. Conclusion**

The court **ADOPTS** the Magistrate Judge's recommendations. The plaintiff's Motion for Relief from Judgment Under Rule 60(b) is **DENIED**. The action is **DISMISSED without prejudice** against all remaining defendants, due to the plaintiff's failure to exhaust his administrative remedies.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 17, 2008

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge