IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HARVEY PATRICK SHORT,

           Plaintiff,

v.                                   CIVIL ACTION NO. 2:06-cv-00933

PRIME CARE MEDICAL-WV, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff Harvey Short's Motion for Relief from Judgment/Order Under Rule 60(b) [Docket 105]. Mr. Short asks this court to "vacate and/or set aside the order dismissing any of his claims in this case for failure to exhaust administrative remedies, particularly the October 17, 2008 memorandum opinion and order." (Pl.'s Mot. Relief J./Order Under Rule 60(b) 1). Over the course of two years, he has filed several motions both here and in magistrate court seeking relief on this point. But now, for the first time, he cites a West Virginia law that he claims relieves him of the requirement of exhausting his administrative remedies. For the reasons stated below, I reject Mr. Short's arguments and **DENY** his Motion for Relief from Judgment/Order Under Rule 60(b).

**I.     Background**

The full factual background of this case has been set forth in my prior orders and Magistrate Judge Mary E. Stanley's prior proposed findings and recommendations. For reference, I will outline the important events. The plaintiff alleges that in or about November or December 2005, certain of

the defendants (employees at the jail where he was incarcerated) failed to protect him from another inmate they knew to be dangerous, and that they used excessive force in a discriminatory manner against the plaintiff when they stopped a fight between the plaintiff and another inmate. The plaintiff filed a complaint on November 1, 2006, and the defendants filed a motion to dismiss. On February 25, 2008, Judge Stanley recommended that I grant the motion, because the plaintiff failed to exhaust the administrative remedies available to him [Docket 63]. My memorandum opinion and order of March 21, 2008, adopted Judge Stanley's proposed findings and recommendations and dismissed Mr. Short's claims without prejudice against many of the defendants because he failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995 (the "PLRA") [Docket 70].

     Mr. Short subsequently filed a Rule 60(b) motion on September 12, 2008, in which he argued that he had since exhausted his administrative remedies and sought to reopen the case. The motion was referred to the Judge Stanley, who entered proposed findings and recommendations on September 23, 2008 [Docket 85]. She found that Mr. Short was not entitled to relief under Rule 60(b), and she recommended that the motion be denied. I adopted the proposed findings and recommendations and denied Mr. Short's motion without prejudice on October 17, 2008 [Docket 87]. Mr. Short then appealed, and the Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion filed on March 23, 2009 [Docket 100].

     Mr. Short filed the pending Rule 60(b) Motion on July 9, 2009, asking this court to set aside any order dismissing his claim for failure to exhaust administrative remedies. For the first time, he cites a West Virginia law that he argues relieves him of the requirement to exhaust his administrative remedies. The law provides, in pertinent part, that "[n]otwithstanding any other provision of this

Code, no inmate shall be prevented from . . . bringing a civil or criminal action alleging past, current, or imminent physical . . . abuse." W. Va. Code § 25-1A-2(c); *see also* § 25-1A-2(a) (requiring inmates to exhaust administrative remedies). The Supreme Court of Appeals of West Virginia has held that under subsection 2(c), inmates bringing claims for physical or sexual abuse by prison officials need not exhaust their administrative remedies, as mandated by subsection 2(a). *See White v. Haines*, 618 S.E.2d 423, 431 (W. Va. 2005).

## II. Discussion

Federal Rule of Civil Procedure 60(b) provides grounds for relief from an order, namely the following: mistake, newly discovered evidence, fraud, the judgment is void, the judgment has been satisfied, or any other reason that justifies relief. The plaintiff states that there have been "misrepresentations as to the law and facts"; "this court was obviously unaware of [the West Virginia law]"; and as a result, "the orders dismissing the Plaintiff's claims for failure to exhaust administrative remedies are in violation of state law . . . ." (Pl.'s Mot. Relief J./Order Under Rule 60(b) 2).

Mr. Short fails to sufficiently allege any of the grounds for relief under Rule 60(b). *See United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)."). He has also failed to raise the West Virginia exhaustion exception in previous filings. In any event, the Court of Appeals for the Fourth Circuit has already affirmed this court's October 17, 2008 ruling on this issue, and challenging that ruling by way of a Rule 60(b) motion to this court is not proper.

## III. Conclusion

3

For these reasons, I hereby **DENY** Mr. Short's Motion for Relief from Judgment/Order Under Rule 60(b). The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:        September 30, 2009

_____
Joseph R. Goodwin, Chief Judge

4